UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DIRECTV, INC.,

    Plaintiff,

vs.                                          Case No. CIV 03-1366 ACT/WDS

THOMAS O. KELSEY, *et al.*,

    Defendants.

## TOM KELSEY'S MOTION TO RECONSIDER
## ORDER EXTENDING TIME, QUASH SERVICE, DISMISS
## LAWSUIT, AND MEMORANDUM IN SUPPORT OF MOTION

***COMES NOW*** the Defendant Tom Kelsey, by and through his undersigned counsel of record, and for his Motion to Quash Service, ***STATES:***

    1.    On November 25, 2003, Plaintiff filed its Complaint in the above captioned proceeding.

    2.    A summons was issued that same day.

    3.    Returns of Service for Defendants Wolf and Dexter were filed February 25, 2004 and March 19, 2004.  Docket Nos. 7 & 9.

    4.    On March 26, 2004, Plaintiff moved the Court for an extension of the service time limit set forth in Rule 4(m), F.R.Civ.P.  Docket No. 12.

    5.    A Return of Service was filed with respect to Defendant Tom Kelsey on April 9, 2004, indicating he was served April 2, 2004.  Docket No. 16.

    6.    This Court granted Plaintiff's motion for extension of the service time limit by ordered entered March 31, 2004.  Docket No. 13.

7.      According to the motion for extension of time, someone named David Martin diligently attempted to locate Mr. Kelsey, but could not because Mr. Kelsey had moved and left no forwarding address.  Docket No. 12 and attached affidavit.

8.      Based upon this affidavit, the Court expressly found Plaintiff had demonstrated good cause for extending the service deadline, said good cause being explicitly found to be the fact that Mr. Kelsey had moved and left no forwarding address.  Docket No. 13.

9.      This information provided to the Court by Plaintiff was incorrect, as is shown by the attached Affidavit of Thomas Kelsey, and exhibits attached thereto.

10.     The 7705 Midge St. address David Martin located and attempted to serve Mr. Kelsey at was a rental property Mr. Kelsey had inhabited for twelve years.  Affidavit ¶2 & 10.

11.     Mr. Kelsey left a forwarding order with the U.S. Postal Service, which order was effective as late as March 26, 2004.  Affidavit ¶ 4-8 and attached exhibits.

12.     The management company which operated the rental property at 7705 Midge St. was well aware of Mr. Kelsey's new address.  Affidavit ¶10 and attached exhibits.

13.     The cell and residential phone numbers used by Mr. Kelsey at 7705 Midge St. remained the same after his move in June of 2003.  Affidavit ¶14 and attached exhibits.

14.     Mr. Kelsey owns his current home, and the deed and mortgage evidencing that fact are available to the public at the Office of the County Clerk of Bernalillo County.

15.     Any reasonable effort to locate Mr. Kelsey would have included measures such as consulting the telephone book, reviewing the county real estate records, calling or visiting the landlord for the address Plaintiff knew about and consulting the U.S. Postal Service.  Any such reasonable effort would have succeeded in locating Mr. Kelsey within the original 120 day time period.

16. Mr. Martin has experienced difficulty in other DirecTV cases in properly serving defendants. *See DirecTV vs. Bryant*, Case No. CIV 2003-0049 LCS/KBM, Docket No. 24 (motion to quash service, attached affidavit, and attached unreported case authority).

17. On information and belief the Court would not have found good cause to extend the service period had it known the true facts of the case, and the true facts of the Bryant case.

18. In the absence of the order extending the service period, Plaintiff's service of process would violate Rule 4(m), F.R.Civ.P.

19. The purpose of this Rule is to promote "diligent prosecution of civil cases." *National Union Fire Ins. Co. v. Sun*, No. 93 Civ. 7170, 1994 WL 463009, at *3 (S.D.N Y Aug. 25, 1994). "The Second Circuit has held that dismissal is mandatory when a party is not served within the 120-day time limit and where there is no showing of good cause."*Ogbo v. New York State Dept. of Taxation and Fin.*, No. 99 Civ. 9387, 2000 WL 1273840, at *2 (S.D.N.Y. Sept. 6, 2000) (citing *Zankel v. United States*, 921 F.2d 432, 436 (2d Cir. 1990)).

20. While Rule 4(m) does not define "good cause," courts have ruled that "mistake or inadvertence of counsel . . . does not constitute `good cause' justifying failure to effect timely service of process." *Meija v. Castel Hostel, Inc.*, 164 F.R.D. 343, 345 (S.D.N.Y. 1996); see also *Zankel*, 921 F.2d at 436 ("[A] judge is certainly not required to treat inadvertence or ignorance of the rules as `good cause' or `excusable neglect' for delay in service."). Good cause is measured against the plaintiff's recognizable efforts to effect service and the prejudice to the defendant from the delay. See *AIG Managed Market Mutual Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000). Most importantly, "[w]hen service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Systems Signs Supplies v.*

*United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); see also ***Mason Tenders Dist. Council Pension Fund v. Messera***, No. 95 Civ. 9341, 1997 WL 221200, at *3 (S.D.N.Y Apr. 1, 1997) ("Pursuant to Rule 4(m), the plaintiff bears the burden of proof in showing that it had good cause in not timely serving the defendant.").

21.	Plaintiff has failed to properly serve Tom Kelsey.  Therefore this Court lacks personal jurisdiction over him, and Plaintiff's suit must be dismissed.  ***Sunniland Fruit Company v. PMI Produce Corp., Inc.,*** (S.D.N.Y. 2001), 00 Civ. 8410 (SAS), United States District Court, S.D. New York, July 6, 2001.  As this is an unreported case, a copy of the opinion is attached.

22.	Tom Kelsey has requested the consent of Plaintiff's counsel in the relief requested in this motion; Plaintiff's counsel does not consent.

**WHEREFORE** Tom Kelsey prays the Court to reconsider the order it entered on March 31, 2004 on grounds it was misled into entering that order, quash the return of service filed in Court on April 9, 2004, dismiss the action for the failure of service with prejudice, and for such other and further relief as the Court may deem just and proper.

							Respectfully submitted

							 Filed electronically 7-29-04
							Michael K. Daniels
							PO Box 1640
							Albuquerque, NM 87103
							(505) 246-9385

I hereby certify I sent a true and accurate copy of the foregoing to the following parties on July 29, 2004.

| | |
|---|---|
| William C. Scott/ Stan N. Harris | Freddie Black |
| PO Box 2168 | One Moody Plaza, 18th Floor |
| Albuquerque, NM  87103 | Galveston, TX   77550 |
| | |
| Luin Dexter | George A. Harrison |
| 2414 Rolland Ave | 2901 East 20th Street  #103 |
| Alamogordo,  NM  88310 | Farmington,  NM  87402 |

 Certified 7-29-04
Michael K. Daniels


USDstCtFms,Qush,Mtn,Svc,1-3