# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DIRECTV, Inc.,

        Plaintiff,

vs.                                       No.  CV 03-1366 MV/WDS

THOMAS KELSEY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Reconsider Order Extending Time, Quash Service and Dismiss the Lawsuit **[Doc. 27]** filed July 28, 2004.  The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**.

## BACKGROUND

On November 25, 2003, DIRECTV ("Plaintiff"), filed a Complaint against Thomas Kelsey ("Defendant"), Luin Dexter, and Jeff Wolf, alleging various federal and state causes of action arising from claims that Kelsey, Dexter, and Wolf unlawfully intercepted DIRECTV's satellite communications.  Plaintiff successfully served Mr. Dexter and Mr. Wolf, but was unable to serve Defendant.  On March 26, 2004, Plaintiff moved for an extension of time for service of process upon Defendant **[Doc. No. 12]**.  Plaintiff argued that good cause existed to extend time because Defendant had moved and had not left a forwarding address.  Plaintiff attached an affidavit stating that it had attempted to locate Defendant at his address identified by business records, 7705 Midge Street in Albuquerque, without success.  Plaintiff also stated in its affidavit that it requested Defendant's forwarding address from the United States Postal Service.  That attempt

was similarly unsuccessful.  The Magistrate Judge found that these efforts constituted good cause and granted Plaintiff's motion to extend time on March 31, 2004 **[Doc. No. 13]**.  Plaintiff filed a return of service on April 9, 2004, demonstrating that Defendant had been served on April 2, 2004 **[Doc. No. 16]**.  Defendant filed his Answer with the Court on April 7, 2004 **[Doc. No. 15]**, asserting several affirmative defenses.  Defendant now moves the Court to reconsider its order granting Plaintiff additional time for service, to quash service, and to dismiss the lawsuit.

## DISCUSSION

Defendant makes several arguments in support of his motion.  First, he argues that the Court's grant of Defendant's Motion to Extend Time for Service of Process should be reconsidered.  Defendant states that the information provided by Plaintiff in support of its motion was "incorrect" and did not constitute good cause.  Defendant further states that if the Court had the information it now has, it would not have granted Plaintiff's motion to extend time.  Second, Defendant argues that because Plaintiff did not have good cause to extend the time for service, the return of service should be quashed as untimely.  Third, Defendant argues that if the service of process is quashed, Plaintiff lacks personal jurisdiction over him and the case should be dismissed.

Plaintiff, on the other hand, argues that the Court's grant of its Motion to Extend Time was proper because it demonstrated good cause for the extension and the Court properly exercised its discretion to extend time.  Plaintiff also argues that Defendant has not set forth a valid basis for the Court to reconsider its motion and that Defendant has waived insufficiency of service and personal jurisdiction arguments because they were not raised in his Answer.  The Court will address these arguments in turn.

**A.      Should the Court Reconsider its Grant of Plaintiff's Motion to Extend Time for Service of Process?**

As a preliminary matter, Defendant offers no legal basis in support of its request for the Court to reconsider its earlier order extending time for service of process. Defendant argues only that if the Court had before it the information it has now, it would not have found good cause to grant the motion. The Court, however, will excuse Defendant's failure to provide a legal basis for its motion and will analyze the claim under Fed. R. Civ. P. 60(b).

A motion to reconsider is governed by Rule 60(b), as opposed to Rule 59(e), of the Federal Rules of Civil Procedure when it is not filed within 10 days of the order or judgment. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Rules 60(b)(1), (3), (4), and (6) give the Court authority to "relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect; . . . fraud  . . . , misrepresentation, or other misconduct of an adverse party; [if] the judgment is void  . . .; [or] any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(1), (3), (4), (6). The motion must be made "within a reasonable time." Fed. R. Civ. P. 60(b).

"Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver*, 952 F.2d at 1243 (citing *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)). Moreover, "a 60(b) motion cannot be used as a substitute for appeal." *Morris v. Adams-Millis Corp.*, 758 F.2d 1352, 1357 (10th Cir. 1985).

The Court may grant relief under Rule 60(b)(1) only in two instances:

> (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when

the judge has made a substantive mistake of law or fact in the final
judgment or order.

*Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (citation omitted); *see also Cashner*

*v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996). "[W]hen Rule 60(b)(1) is used to

challenge a substantive ruling by the district court," the motion must be "filed within the time

frame required for the filing of a notice of appeal." *Cashner*, 98 F.3d at 578. Thus, the

requirement that "the motion shall be filed within a reasonable time" has been construed "to be

contemporaneous with the time constraints for taking a direct appeal." *Id.* (citations omitted); *see*

*also Orner v. Shalala*, 30 F.3d 1307, 1309-10 (10th Cir. 1994); *Morris,* 758 F.2d at 1358. Even

if a Rule 60(b)(1) motion is timely filed, "such relief is available only for obvious errors of law,

apparent on the record." *Van Skiver*, 952 F.2d at 1244.

In a Rule 60(b)(3) motion, the moving party must prove "by clear and convincing evidence

. . . an intent to deceive or defraud the court, by means of a deliberately planned and carefully

executed scheme." *Yapp*, 186 F.3d at 1231 (citations and quotations omitted). The Tenth Circuit

has articulated the following definition of "fraud on the court":

> Fraud on the court . . . is fraud which is directed to the [sic] judicial
> machinery itself and is not fraud between the parties or fraudulent
> documents, false statements or perjury . . . . It is thus fraud where
> the court or a member is corrupted or influenced or influence is
> attempted or where the judge has not performed his judicial
> function—thus where the impartial functions of the court have been
> directly corrupted.

*Switzer v. Coan*, 261 F.3d 985, 988 (10th Cir. 2001) (quoting *Robinson v. Audi*

*Aktiengesellschaft*, 56 F.3d 1259, 1266 (10th Cir. 1995)). Finally, Rule 60(b)(6) has been

described as a "grand reservoir of equitable power to do justice in a particular case." *Pierce v.*

*Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (internal quotation marks omitted),

*cert. denied*, 423 U.S. 1079 (1976). A district court, however, may grant a Rule 60(b)(6) motion

only in extraordinary circumstances and only when necessary to accomplish justice. *See Lyons v.*

*Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir. 1993).

Defendant's motion to reconsider under Rule 60(b)(1) must fail because it is untimely.

The *Cashner* court specifically stated that any challenge to an order or judgment under this

subsection must be filed within the time frame required for the filing of a notice of appeal. *See* 98

F.3d at 578. In the instant case, the Court entered its Order extending time on March 31, 2004.

Defendant did not file the present motion until July 28, 2004. This is well outside the 30-day time

period for filing a notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A).

Defendant is also unable to prevail under any of the other provisions governing

reconsideration. First, under Rule 60(b)(3), Defendant has not provided any evidence that

Plaintiff committed fraud on the Court or misled the Court in its motion. Second, under Rule

60(b)(6), Defendant has not demonstrated any reason why reconsideration of the Court's order is

necessary to accomplish justice. In support of its motion to extend time, Plaintiff submitted an

affidavit and other materials supporting its contention that it had been unable to locate Defendant

using a process server and required more time to do so. In response, Defendant now argues that

"[t]he management company which operated the rental property at 7705 Midge St. was well

aware of Mr. Kelsey's new address." Def. Mtn. at ¶ 10. When Plaintiff's process server looked

for Defendant at that address, however, the new residents told him that they had never heard of

Defendant and that they did not know where to locate him. They did not disclose that it was a

rental property or disclose the name of their landlord. Furthermore, there was no reason for

Plaintiff's process server to know that it was a rental property and look for a landlord.

Defendant also now argues that Plaintiff should have been able to locate him at his new address because he "left a forwarding order with the U.S. Postal Service, which order (sic) was effective as late as March 26, 2004." *See id.* at ¶ 11. When Plaintiff's process server inquired at the United States Post Office for Defendant's new address, however, he simply was told that Defendant was "not know at address given." There was no reason for Plaintiff to disbelieve the United States Post Office when it informed Plaintiff that it could not locate Defendant. While Defendant argues that "reasonable efforts" to find him also would have included "reviewing the county real estate records" and "consulting the telephone book,"[1] the Court does not believe that these efforts were necessary for the Court to find good cause to extend time. Furthermore, the Court does not find that any of Plaintiff's representations about its efforts to serve Defendant were "incorrect" and now warrant reconsideration. And even if they were "incorrect," this will not constitute an "exceptional circumstance[]" necessary to grant relief under Rule 60(b).

For these reasons, the Court does not believe that its decision to grant Plaintiff's extension of time – reviewed only for abuse of discretion – should be reconsidered under either Rule 60(b)(3) or (b)(6).[2] Because it will not reconsider its decision to extend time for service of process, the Court also will not quash Plaintiff's service of process.

---

[1] Defendant's address was not listed in the telephone book when Plaintiff consulted it.

[2] While the Court finds that there was good cause to extend time for service of process even considering the new evidence presented by Defendant, assuming there was not, the Court finds no reason to quash service and dismiss the case because any delay in serving Defendant did not prejudice him. The Court granted Plaintiff's motion to extend time on March 31, 2004. Plaintiff served Defendant shortly thereafter, on April 2, 2004. If the Court was to dismiss the case for improper service, Plaintiff would simply refile the case and timely serve Defendant. Thus a dismissal would be an undue waste of judicial resources.

**B.      Has Defendant Waived the Defenses of Insufficiency of Service and Lack of Personal Jurisdiction?**

Defendant argues that the case should be dismissed because service was improper and thus the Court does not have personal jurisdiction over him.  This argument is without merit for two reasons.  First, because the Court will not reconsider its order granting Plaintiff additional time to serve process, Defendant properly was served and the Court has personal jurisdiction over him. Even if this was not true, however, the Federal Rules of Civil Procedure prevent Defendant from raising insufficiency of service and personal jurisdiction as defenses at this stage in the case.

Fed. R. Civ. P. 12(h)(1) states, in relevant part:

> A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof by Rule 15(a) to be made as a matter of course.

Thus, Rule 12 mandates that objections to personal jurisdiction or service of process be raised in a party's first responsive pleading or by motion before the responsive pleading.  *See United States v. 51 Pieces of Real Property Roswell, N.M.*, 17 F.3d 1306, 1314 (10th Cir. 1994) (citing *Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738 (1st Cir. 1983) (holding that defenses set forth in Rule 12(h), which include lack of personal jurisdiction and ineffective service of process, must be raised in a party's "first defensive move")); *see also FDIC v. Oaklawn Apartments*, 959 F.2d 170, 173 (10th Cir. 1992) ("If a party files a pre-answer motion and fails to assert the defenses of lack of personal jurisdiction or insufficiency of service, he waives these defenses.").

Although Defendant's counsel's initial appearance on April 6, 2004 was not a defensive move, Defendant's Answer "triggered" the provisions of Rule 12(h).  *See 51 Pieces of Real*

*Property Roswell, N.M.*, 17 F.3d at 1314.  Defendant's Answer included several affirmative defenses, none of which raised service of process or personal jurisdiction.  Furthermore, Defendant does not argue that these defenses were unknown or unavailable at the time he filed his Answer.  Because Defendant failed to assert these defenses in his Answer, he has waived them and the Court has no jurisdiction to entertain them at this juncture.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reconsider Order Extending Time, Quash Service and Dismiss the Lawsuit **[Doc. 27]**, is hereby **DENIED**.

**DATED** this 10th day of December, 2004.

_____
MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
Freddie Black
Joan E. Drake
William C. Scott

Attorney for Defendant:
Michael K. Daniels